Davis *v.* Rogersville.

DAVIS *v.* ROGERSVILLE.

(*Knoxville.*    October  26,  1901.)

1. MUNICIPAL BONDS.    *Valid election for issuance of.*

By an Act, approved April 22, 1901, the town of Rogersville was required to submit to the qualified voters of that town, within ninety days from that date, a proposition for the issue of $2,500 city bonds for certain purposes.  By another Act, passed at the same session and approved April 18, 1901, the registration and election laws were amended, and made to include for the first time the town of Rogersville.  Neither Act made any provision for a special registration of the voters of the town for this election, and the election, which was required to be holden before a general registration could be had under the general election laws, was held without registration, and without compliance with the "Dortch law."  *Held:* The election was properly held under the old law, and the proposition had been approved by the required majority, and bond issue can be validly made.

Acts construed: Acts 1901, Chs. 147, 341.

2. ELECTIONS.    *Registration for.*

Registration of voters in the town of Rogersville for this particular election was not authorized within the limited period allowed by the statute for holding it, by the general provisions of the election or registration laws authorizing registration of voters for special or other elections.

FROM  KNOX.

Appeal  from  Chancery  Court  of  Knox  County.
JOS.  W.  SNEED,  Ch.

SMITH & MARGRAVES for Davis.

HUFFMASTER & CHESTNUT for Rogersville.

WILKES, J.   On April 19, 1901, the General Assembly passed an Act authorizing the town of Rogersville to issue coupon bonds to an amount not exceeding $2,500, for the benefit of McMinn Academy.   The council was empowered to submit the question of issuance to the qualified voters of the town within ninety days after the passage of the Act.   The Act was approved April 22, 1901.   An election was held July 10, 1901, and the proposition carried by a vote of sixty-four for and six against it.   On April 17, 1901, the General Assembly passed an Act extending the provisions and operations of the Dortch and registration laws to Rogersville and other towns of its size which had not previously been subject to these laws.

On August 19, 1901, the bill in this cause was filed, enjoining the issuance of the bonds on the ground that the election was illegal because not held under the provisions of these laws.   The Chancellor held the election legal.   The Court of Chancery Appeals held it illegal, and that it should have been held under the Dortch and registration laws, and the defendants have appealed, and present the single question whether the election should have been held under the Dortch and registration laws or under the election laws existing prior to April 17, 1901, when these laws were extended to Rogersville.   The con-

tention is that no general registration could be had under law until August, 1901, and before that time the ninety day limit for holding the election fixed by the Act would expire; that, as a matter of fact, no registrars were appointed, and the machinery of the new law was not put in motion until after the time for holding the election had expired, and it must therefore have been the intention of the Legislature that the election should be held under the old law.

The Court of Chancery Appeals answers these contentions by saying that while August is the time appointed for general registration, still the law provides for a registration of voters for any election at any time, and to that end the books shall be kept open for three days for such registration, and close twenty days before the election, and the registrars shall, upon personal application of voters, register such voters as have not previously registered, and re-register those who have changed their residence, and that, under these provisions, the voters could have been registered and the election held under the new law; that it was the duty of the commissioners immediately on the passage of the Act to appoint the registrars, and their failure to do so would not authorize an election under the old law.

We are of opinion that no legal election could have been held under the Dortch and registration laws within the time limited by the Act, of ninety days from April 19. The registration could not oc-

Davis *v.* Rogersville.

cur until August thereafter. The provision cited by the Court of Chancery Appeals for opening the books for three days before any election is designated only to supplement the general registration, and let in those who had not been included in the general registration or had changed residence. It is not to be presumed that the Legislature was ignorant or unmindful of the fact that no · election under the new law could be had in the time limited, and hence, in providing for an election, it must have been intended that such election should be held under the law previously in force.

We are of opinion that the Court of Chancery Appeals was in error, and that the decision of the Chancellor was correct, and it is affirmed and decree of the Court of Chancery Appeals is reversed. Complainants will pay all costs.